Allison M. Scott, State Bar No. 305989
allison.scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, California 90071-3100
Telephone: 213.337.6550
Facsimile: 213.337.6551

*Attorney for Defendant*
*Bridgecrest Acceptance Corporation*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNNAN GUO,<br><br>　　Plaintiff,<br><br>　v.<br><br>AMERICAN FIRST CREDIT UNION; ADLER WALLACH & ASSOCIATES, INC; AUTOMOBILE CLUB OF CALIFORNIA; CITIBANK, N.A.; BRIDGECREST ACCEPTANCE CORPORATION; EQUIFAX INFORMATION SERVICES LLC; WELLS FARGO CARD SERVICES, INC.; XACTUS, LLC AND DOES 1-10, INCLUSIVE,<br><br>　　Respondents. | Case No. 25-cv-01694 KK (SPx)<br>(*assigned to District Judge Kenly Kiya Kato*)<br><br>**DEFENDANT BRIDGECREST ACCEPTANCE CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Hearing Date: October 9, 2025<br>Hearing Time: 9:30 a.m.<br>Courtroom: 3 on the Third Floor<br><br>Complaint Filed:　May 30, 2025<br>Removal Date:　　July 11, 2025<br>Amended Complaint Filed: August 21, 2025<br>Current Response Date: September 4, 2025 |

Defendant, Bridgecrest Acceptance Corporation ("Defendant" or "Bridgecrest"), hereby moves to dismiss the Amended Complaint (Dkt. No. 22) of Plaintiff, Junnan Guo ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of the motion, Defendant states to the Court:

**Introduction**

1. On May 30, 2025, Plaintiff Junnan Guo ("Plaintiff") commenced this civil action, captioned *Junnan Guo v. American First Credit Union, et al.*, in Superior Court of the State of California, County of San Bernardino, Case No. CIVRS2504240.

2. On July 7, 2025, the action was removed to this Court.

3. On July 25, 2025, Bridgecrest moved to dismiss the Complaint. Dkt. No. 16.

4. On August 8, 2025, the Court granted Bridgecrest's motion to dismiss and provided Plaintiff fourteen days to amend the complaint. Dkt. No. 19.

5. On August 21, 2025, Plaintiff filed the Amended Complaint.

6. Plaintiff's Amended Complaint alleges that Bridgecrest violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), Consumer Credit Reporting Agencies Act ("CCRA"), Cal. Civ. Code §§ 1785.1, *et seq.*, and Identity Theft Act, Cal. Civ. Code §§ 1798.92-1798.97. *See generally* Dkt. No. 22.

7. Plaintiff alleges she sent Bridgecrest a letter stating that Plaintiff was a victim of identity theft, and that Bridgecrest responded that it lacked direct access to Plaintiff's credit report. *Id.* ¶¶ 43-44. As the result, "inquiries" on Plaintiff's credit report were not removed. *Id.* ¶ 44.

8. For the reasons set forth below, these allegations are not sufficient to state a claim against Bridgecrest under the FCRA, CCRA, or the Identity Theft Act.

**Standard for Motions to Dismiss**

In order to state a claim for which relief can be granted, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). This short plain statement "does not need detailed factual allegations" but the plaintiff must plead more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Id*. at 556. The plaintiff's factual allegations must render a cause of action "facially plausible," which occurs when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 127 S. Ct. at 1965-66) (internal citations omitted). Furthermore, legal conclusions in a complaint are not entitled to the "presumption of truth" which cloaks factual allegations during a motion to dismiss. *Id*. at 1950-51. Based upon the foregoing, the Complaint should be dismissed.

### Argument and Incorporated Memorandum of Law

**A. Plaintiff Fails to State a Claim Under the FCRA in Count I as to Bridgecrest.**

The Complaint claims that the Defendants violated Section 1681s-2(b) but does not plausibly state a claim against Bridgecrest under this provision of the Fair Credit Reporting Act ("FCRA"). *See* Dkt. No. 22 ¶¶ 98-103. To properly plead an FCRA claim, Plaintiff must allege: (1) Defendant is a furnisher; (2) Plaintiff notified the credit reporting agency that Plaintiff disputed the reporting as inaccurate; (3) the credit reporting agency notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by § 1681s-2(b)(1)." *Robbins v. CitiMortgage, Inc.*, No. 16-CV-04732-LHK, 2017 WL 6513662, at *5 (N.D. Cal. Dec. 20, 2017). A review of the Complaint shows that Plaintiff has not plausibly alleged the existence of any of these elements as to Bridgecrest.

///

Plaintiff has not plausibly alleged that the information Bridgecrest reported was inaccurate. In the Amended Complaint, Plaintiff alleges that "Bridgecrest had placed a credit inquiry onto Plaintiff's credit report," and that this is inaccurate because Plaintiff did not "authorize any credit inquiries." *See* Dkt. No. 22, ¶¶ 42. The FCRA prohibits entities from receiving a consumer's credit report unless the requesting entity has one of several enumerated "permissible purposes" for obtaining the report. *See* 15 U.S.C. § 1681b(a), (f). Notably, the consumer's consent is not required to have a permissible purpose for a credit inquiry. *Id.* Thus, "[m]erely alleging that Defendant accessed her credit history without her knowledge and consent is not the same as alleging that Defendant did so without a statutory permissible purpose." *Lee v. Jefferson Cap. Sys. LLC*, No. 5:24-CV-01128-SK, 2024 WL 4472257, at *2 (C.D. Cal. Sept. 30, 2024); *see also Danfer Klaben v. JP Morgan Chase Bank, N.A.*, 2022 WL 3012528, at *3 (C.D. Cal. Jan. 24, 2022) (The "only 'authorization' that matters" is not the consumer's consent but "the authorization of the FCRA itself."). Thus, Plaintiff's claims must be dismissed because Plaintiff has stopped short of alleging facts that plausibly suggest Bridgecrest lacked a proper purpose for its credit inquiry, and therefore has not plausibly alleged that Bridgecrest's reporting was inaccurate. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief (citing *Twombly*, 550 U.S. at 555)).

**B. Plaintiff Cannot State a Claim Under the CCRA in Count II Against Bridgecrest.**

As its name suggests, California's Consumer Credit Reporting Agencies Act ("CCRA") governs the conduct of consumer credit reporting agencies. *See* Cal. Civ. Code §§ 1785.1, *et seq.* The CCRA allows a consumer to dispute "completeness or accuracy of any item of information contained in his or her file" and triggers a corresponding duty for credit reporting agencies to investigate to such disputes. *See* Cal. Civ. Code § 1785.16. Since Bridgecrest is not a credit reporting agency, and

Plaintiff has not described an "item of information" governed by the CCRA, Plaintiff has failed to plausibly allege that the CCRA applies to Bridgecrest or the information that Plaintiff alleges she disputed to Bridgecrest.

### 1. The CCRA Does Not Apply to Bridgecrest Because Bridgecrest is not a Credit Reporting Agency.

Plaintiff cannot state a claim under the CCRA against Bridgecrest because Bridgecrest is not a credit reporting agency. The CCRA provides a right of action against credit reporting agencies, but not others involved in credit reporting, like furnishers. *See Miller v. Bank of Am., Nat. Ass'n,* 858 F. Supp. 2d 1118, 1125 (S.D. Cal. 2012) ("Private plaintiffs cannot bring CCRA claims against a furnisher of credit information."); *Pulver v. Avco Financial Servs.,* 182 Cal.App.3d 622, 633, 227 Cal.Rptr. 491 (Cal. App. Ct. 1986) (holding section 1785.31, which authorizes a private right of action for a violation of section 1785.25, "does not extend liability to one who furnished information to a credit reporting agency."); *Davis v. Maryland Bank*, No. 00-04191, 2002 WL 32713429, at *14 (N.D. Cal. June 19, 2002) (granting motion to dismiss). Plaintiff does not allege that Bridgecrest is a credit reporting agency. Therefore, Plaintiff has not plausibly alleged that the CCRA applies to Bridgecrest.

### 2. The CCRA Generally Does Not Apply to Credit Report Inquiries.

Setting aside that Bridgecrest is not a credit reporting agency, the Complaint also does not plausibly allege that Plaintiff challenged an "item of information" on her credit report, at least not with respect to Bridgecrest. Under the CCRA, an item of information is "any of one or more informative entries in a credit report which causes a creditor to deny credit to an applicant or increase the cost of credit to an applicant or deny an applicant a checking account with a bank or other financial institution." Cal. Civ. Code § 1785.3. Plaintiff alleges the information she disputed with Bridgecrest concerned "inquiries" on her credit report. *See* Dkt. No. 22 ¶¶ 43. A credit

report inquiry is typically used to verify information about the consumer, not to furnish information that others will utilize to determine the credit worthiness of the consumer. *See Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 490 (9th Cir. 2019). Since most types of credit report inquiries have no bearing on credit worthiness, most credit report inquiries are outside the scope of the CCRA's definition of an "item of information" and cannot support a claim under the CCRA. *See e.g. Gomon v. TRW, Inc.*, 28 Cal. App. 4th 1161, 1169, 34 Cal. Rptr. 2d 256, 262 (Cal. App. Ct. 1994) (holding that credit report inquiry was not an "item of information" for purposes of the CCRA and therefore defendant had no duty to investigate or remove credit report inquiry under the CCRA). As such, Plaintiff has failed to plausibly allege that Bridgecrest violated the CCRA with respect to Plaintiff and Count II should be dismissed.

### C. Plaintiff Has Not Stated a Claim Under the Identity Theft Act in Count IV as to Bridgecrest.

The Amended Complaint does not plausibly allege that California's Identity Theft Act applies to Bridgecrest, at least not with respect to Plaintiff. *See* Cal. Civ. Code §§ 1798.92-1798.97. Under the Identity Theft Act, "a 'victim of identity theft' [may] bring an action for damages, civil penalties, and injunctive relief against a 'claimant to establish that the person is a victim of identity theft <u>in connection with the claimant's claim against that person</u>.'" *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008) (quoting Cal. Civ. Code § 1798.93(a) and (c)) (emphasis added). The statute defines a "claimant" as "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." Cal. Civ. Code § 1798.92(a). The Ninth Circuit has held that "[t]he plain statutory terms of [California Civil Code] § 1798.93(a) provide that an identity theft victim may pursue an action <u>only against a party that has made a 'claim against that person.'</u>" *Sarukhanov v. J.P. Morgan Chase Bank, N.A.*, 691 F. App'x 383, 384 (9th Cir. 2017) (citing *Satey*, 521 F.3d at 1092) (emphasis added). Thus, to

state a claim under the Identity Theft Act, Plaintiff must plead enough facts that plausibly suggest that Bridgecrest has "made a claim for money or an interest in property in connection with a transaction" or the Plaintiff has not plausibly alleged that the Identity Theft Act could plausibly apply to this case. *Id.*

The Amended Complaint contains a conclusory allegation that Bridgecrest is a "claimant" but pleads no facts in support of this conclusion. *See* Dkt. No. 22 ¶ 22. It is axiomatic that pleading pure "labels and conclusions" is not enough to state a claim. *See Twombly*, 550 U.S. at 555 (holding that the federal pleading standard "requires more than labels and conclusions" that the elements of the claim exist).

Turning to the facts alleged in the Amended Complaint, Plaintiff alleges that Bridgecrest placed a credit "inquiry" on Plaintiff's credit. *See* Dkt. No. 22 ¶ 42. The Identity Theft Act does not include those who merely make a credit inquiry within the definition of claimant. *See* Cal. Civ. Code § 1798.92(a). Plaintiff does not allege that Bridgecrest has reported a debt on Plaintiff's credit, or that Bridgecrest has claimed that Plaintiff owes Bridgecrest a debt or that Bridgecrest has an interest in property based on a debt owed by Plaintiff. Since Plaintiff failed to plausibly allege that Bridgecrest is a claimant, Plaintiff has not stated a plausible claim against Bridgecrest under the Identity Theft Act, and Count IV should be dismissed as to Bridgecrest.

## CONCLUSION

For the reasons set forth above, the Amended Complaint fails to state a claim for which relief can be granted and should be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(6).

///
///
///
///
///
///

1 **WHEREFORE,** Bridgecrest requests the Court dismiss the Amended Complaint, Dkt. No. 22 as to Bridgecrest, with prejudice.

DATED: August 25, 2025       HUSCH BLACKWELL LLP

By: /s/ Allison Scott
ALLISON SCOTT

Attorneys for Defendant
Bridgecrest Acceptance Corporation

# PROOF OF SERVICE

*Junnan Guo v. American First Credit Union, et al.*
U.S. District Court Central District of California Case No. 25-cv-01694 KK (SPx)

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Dallas, State of Texas. My business address is 1900 N. Pearl Street, Suite 1800, Dallas, TX 75201.

On September 4, 2025, I served true copies of the following document(s) described as **DEFENDANT BRIDGECREST ACCEPTANCE CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 4, 2025, at Aubrey, Texas.

*/s/ Crystal Rose*
CRYSTAL ROSE

DEFENDANT BRIDGECREST ACCEPTANCE CORPORATION'S MOTION TO DISMISS THE AMENDED COMPLAINT