Brian J. Soo-Hoo, Esq. (SBN 228298)
**LAW OFFICES OF BRIAN J. SOO-HOO, APC**
1905 North Main Street
Santa Ana, CA 92706
PH: (714) 589-2252
FX: (714) 589-2254
E-Service to: info@consumerjusticelc.com

Attorney for Plaintiff JUNNAN GUO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JUNNAN GUO,<br><br>    Plaintiff,<br><br>    vs.<br><br>AMERICAN FIRST CREDIT UNION; ADLER WALLACH & ASSOCIATES, INC.; AUTOMOBILE CLUB OF CALIFORNIA; CITIBANK, N.A.; BRIDGECREST ACCEPTANCE CORPORATION; EQUIFAX INFORMATION SERVICES LLC; WELLS FARGO CARD SERVICES, INC.; XACTUS, LLC, AND DOES 1-10, INCLUSIVE,<br><br>    Defendants. | Case No. 5:25-cv-01694-KK-SP<br><br>Assigned to: Hon. Kenly Kiya Kato<br><br>**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**<br><br>Hearing Date: October 30, 2025<br>Hearing Time: 9:30 am<br>Courtroom 3, on Third Floor |

**I.   INTRODUCTION**

Plaintiff Junnan Guo ("Guo") files the instant Opposition to Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. Wells Fargo seeks dismissal of Guo's claims arising from six (6) unauthorized credit inquiries that appears on Guo's credit file following Guo's claim she was a victim of identity theft. Wells Fargo's motion turns on three incorrect premises: (1) that a bank which obtains a consumer report is categorically outside of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), liability when the procurement lacks a

-1-

1  permissible purpose; (2) that Plaintiff's FCRA and California Consumer Credit Reporting
2  Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.25(a), theories require Wells Fargo to be a
3  "furnisher," although Guo's claims against Wells Fargo also rest on its role as a "user" that
4  procured reports without a permissible purpose and on post-dispute duties triggered via credit
5  reporting agency ("CRA") notices; and (3) that the California Identity Theft Act ("CITA"), Cal.
6  Civ. Code § 1798.92-.93, cannot reach Wells Fargo.  Each contention fails under controlling
7  U.S. Supreme Court, Ninth Circuit and California law.  At a minimum, Guo has plausibly pled
8  claims, and leave to amend should be granted if the Court finds any pleading gaps.

## II.   FACTUAL BACKGROUND

Guo is a victim of identity theft.  In 2022 and 2023, Wells Fargo placed 6 (six) credit inquiries on to Guo's Experian credit file, which she did not authorize nor did she have any prior knowledge about.  Guo sent identity theft dispute letters, together with a police report, FTC fraud affidavit and other supporting documents, and received a response from Wells Fargo on August 21, 2023 refusing to remove the fraudulent credit inquiries and asserting that the inquires were "valid and legitimate."  Guo also sent dispute correspondence to Experian Information Solutions, Inc., and other entities.  At least one CRA removed the fraudulent Wells Fargo inquiries; however Experian continued to display the fraudulent and inaccurate Wells Fargo inquiries.

## III.   LEGAL STANDARD

An amended complaint survives a Rule 12(b)(6) motion to dismiss if it pleads sufficient facts to state a plausible claim for relief.  Reasonableness of investigations under the FCRA and whether reporting is incomplete or materially misleading are generally fact-intensive inquiries inappropriate for dismissal at the pleadings stage.  *See Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544; *see also Ashcroft v. Iqbal* (2009) 556 U.S. 662.  On a Rule 12(b)(6) motion, the Court accepts well-pled facts, draws reasonable inferences in Guo's favor, and asks only whether the claims are plausible.

/ / / / /

**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

## IV. WELLS FARGO OBTAINED GUO'S CONSUMER CREDIT REPORT WITHOUT A PERMISSIBLE PURPOSE IN VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(a), (f)

A "person" may not use or obtain a consumer credit report unless the procurement falls within an enumerated permissible purpose. *See* 15 U.S.C. 1681b(a), (f). The Ninth Circuit has squarely held that a requester of a consumer report must demonstrate that the enumerated purpose existed at the time of access. In the case of *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605 F.3d 665, 674-676 the court held that a requester must show a permissible purpose and that the credit transaction must be consumer-initiated. A non-consumer initiated procurement of a consumer credit report is not permissible. *See Id.* at 674-676; *see also Nayab v. Capital One Bank (USA), N.A.,* (9th Cir. 2019) 942 F3d 480, 490-494.

In the case of *Nayab v. Capital One Bank (USA), N.A.*, the plaintiff discovered that a banking institution had made several inquires on her Experian credit report. *Id.* at 490-494. She sued the bank alleging that the unauthorized inquiries violated the FCRA because she never conducted any business with nor incurred any financial obligations to the bank. *Id.* The Ninth Circuit court in *Nayab* held that a consumer has legal standing to sue if their credit report is accessed for an impermissible purpose thereby protecting a substantive right to privacy. *Id.*

In this case, Guo is a victim of identity theft. *See* First Amended Complaint ("FAC") at pg. 4, para. 17. In reviewing her credit report, Guo discovered six (6) unauthorized inquiries placed on her credit profile by Wells Fargo as a result of the identity theft. *See* FAC at pg. 9, para. 51. Guo did not initiate and was not aware of these Wells Fargo inquiries. *Id.* Under *Pintos*, since Guo did not initiate these Wells Fargo inquiries, the facts plausibly negate any permissible purpose Wells Fargo can claim to access Guo's credit profile. As in *Nayab*, Guo can maintain her claim against Wells Fargo since Guo never conducted any business with Wells Fargo and never maintained any financial obligations to the Wells Fargo related to these inquiries. Guo should be allowed to protect her substantive right to privacy against Wells Fargo's decision to access Guo's credit profile without a permissible purpose.

Wells Fargo's conduct may also be considered willful and negligent because Guo's identity theft dispute and supporting documentation put Wells Fargo on actual notice of her

-3-

**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

identity theft claim, yet Wells Fargo maintained its inquiries on Guo's credit report as "valid." Wells Fargo's dismissive attitude towards Guo's claim of identity theft can be considered "reckless disregard" if Wells Fargo does an act or intentionally fails to do an act of which it is its duty to do so, where the conduct creates an unreasonable risk of harm to another. *See Safeco Ins. Co. of America v. Burr* (2007) 551 U.S. 47, 56-60, 69-70. The court in *Safeco Ins. Co.* also found that the Court of Appeals correctly held that reckless disregard of a requirement of FCRA would qualify as a willful violation within the meaning of § 1681n(a). *Id.* at 56-60, 69-70.

In its motion, Wells Fargo claims that it is not a CRA, nor a furnisher. *See* Motion at pgs 9-10. However Wells Fargo's status as a non-CRA and non-furnisher does not defeat Guo's theory of liability. Section 1681b(f) governs any "person" that uses or obtains a report without a permissible purpose; it is distinct form furnisher duties under § 1681s-2 and CRA reinvestigation duties under § 1681i. Wells Fargo's motion wholly ignores Plaintiff's user-liability theory. Guo plausibly states an FCRA claim against Wells Fargo as a "user" that obtained consumer reports without a permissible purpose. *See* FAC at pgs. 9-10. As such, Guo need not plead allegations that Wells Fargo is a CRA or furnisher.

V. **GUO PLAUSIBILY ALLEGED THAT FCRA § 1681s-2(b) DUTIES WERE TRIGGERED BY CREDIT REPORTING AGENCY'S NOTICE AND WELLS FARGO'S REINVESTIGATION WAS UNREAONABLE.**

Guo sufficiently pled that Wells Fargo's duties under the FCRA were triggered when Wells Fargo received dispute correspondence from the credit reporting agency's notice. The Ninth Circuit recognizes a private right of action under § 1681s-2(b) once a furnisher receives notice of dispute correspondence from a CRA and the furnisher fails to conduct a reasonable investigation leading to inadequate results. Further, the furnisher's duty to investigate disputes under the FCRA is not limited to simple factual errors. Instead the court requires furnishers to address and resolve issues of legal significance raised in a consumer's dispute. *See Gorman, 552 F.3d at 1016-1019.* Guo pleads in the FAC that her identity theft claim is an issue of legal significance and therefore Wells Fargo must perform a reasonable investigation under the FCRA. In the case of *Gorman v. Wolpoff & Abramson, LLP* the court emphasized that the

**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

reasonableness of a furnisher's investigation is a genuine factual dispute that can be decided by a jury. 552 F.3d at 490-494. Since the furnisher has more familiarity with a consumer's account and a closer relationship than the CRA, this places a greater burden on the furnisher to investigate legally significant disputes. A furnisher's investigatory obligations will often be more extensive and more thorough than a CRA's obligations. *Id.*

Here, Guo alleges that she sent dispute correspondence to the CRAs and provided notice sufficient to trigger the § 1681s-2(b) duties to conduct a reasonable investigation. *See* FAC at pg. 9-10, paras. 51 and 52. Guo triggered a private right of action under § 1681s-2(b) when the CRAs provided the dispute correspondence and notice to Wells Fargo. As such, Wells Fargo had a furnisher's duty to reasonably investigate Guo's claim of identity theft, report the results of the investigation and correct any inaccurate entries on Guo's credit report. *See Gorman v. Wolpoff & Abramson, LLP* (9th Cir. 2009) 552 F.3d 1008, 1013-1019 (CRA notice triggers furnisher's duty to reasonably investigate, report results, and correct inaccurate entries).

Guo also pled that the inquiries placed on her credit report by Wells Fargo are prima facie inaccurate on its face. The case of *Caralho v. Equifax Information Services., LLC* (9th Cir. 2010), 629 F3d 876, 888-891, held that an inquiry that exists only because a report was impermissibly accessed or obtained via identity theft is inaccurate or materially misleading. Here, Guo alleges precisely that. Since Guo did not initiate any consumer transactions with Wells Fargo, all of the six (6) inquiries that Wells Fargo placed on Guo's credit report are inaccurate or materially misleading. Whether Wells Fargo's § 1681s-2(b) investigation was reasonable is a fact question not resolved on a motion to dismiss. *Gorman,* 552 F.3d at 1013-1019.

Wells Fargo's motion argues that Guo did not allege an "inaccuracy" attributable to Wells Fargo. However, as stated above, the fact that Guo is a victim of identity theft and did not initiate any of the six (6) Wells Fargo inquiries is prima facie evidence of inaccuracy and lack of a permissible purpose. Guo has met her burden of pleading inaccuracy under *Carvalho v. Equivax Information Services, LLC* (9th Cir. 2009) 584 F.3d 1147,1164-1173. This is not a purely legal dispute over debt validity; it is a factual inaccuracy about the legitimacy of access

Guo's credit file.

## VI. GUO'S CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES CLAIM IS PRESERVED FROM PREEMPTION AND ADEQUATELY PLED TO SURVIVE THIS MOTION TO DISMISS

Guo has pled a sufficient claim against Wells Fargo under the CCCRAA. Cal. Civ. Code § 1785.25(a) prohibits a business from furnishing information to a CRA if the business knows or should have known that the information is incomplete or inaccurate. The Ninth Circuit held that the FCRA does not preempt private CCCRAA claims under § 1785.25(a). *See Gorman v. Wolpoff & Abramson, LLP (9th Cir2009) 584 F.3d 1147, 1164-1173*; *see Carvalho*, 629 F.3d at 888-891 (confirming § 1785.25(a) is saved from preemption under FCRA).

Here, Guo pleads that Wells Fargo knew or should have known that the credit profile inquiry information was inaccurate and/or materially misleading after receiving Guo's identity theft dispute package and supporting documents, and the CRA notice. However, Wells Fargo continued to furnish the inaccurate and/or materially misleading information which is sufficient to state a claim under § 1785.25(a). Wells Fargo further continued to report the inaccurate information even though it lacked a permissible purpose and was notified of Guo's claim of identity theft. This satisfies the pleading requirement under *Carvalho's* inaccuracy standard.

Wells Fargo might argue that that the CCCRAA is pre-empted by the FCRA and therefore Guo has no private right of action under the CCCRAA. However, the Court in *Gorman* squarely foreclosed on this argument indicating that that the CCCRAA is not pre-empted as this matter does not involve a reinvestigation claim under § 1785.25(f). *See Gorman,* 584 F.3d at 1166. Moreover, Section 1785.25(a) is specifically saved from preemption by the Ninth Circuit. *Gorman*, 584 F.3d at 1169-1173.

/ / / / /

/ / / / /

/ / / / /

**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

## VII. GUO PLEADS A PLAUSIBLE CLAIM UNDER THE CALIFORNIA IDENTITY THEFT ACT AGAINST WELLS FARGO FOR PERSISTENTLY FURNISHING INACCURRATE AND/OR MATERIALLY MISLEADING INFORMATION TO THE CREDIT REPORTING AGENCIES

The FAC alleges that GUO is a "victim of identity theft" and that Wells Fargo, after notice and receipt of identity theft dispute documentation, continued to furnish inaccurate and materially misleading information, causing Guo to suffer damages and harm to her creditworthiness. Those factors alone support relief under *Cal. Civ. Code* § 1798.92-.93. The statutory construction under this code section provides remedies, including actual damages, civil penalties, attorneys fees, and equitable relief where a claimant, such as Wells Fargo, continues adverse credit reporting activities despite notice of Guo being a victim of identity theft.

Wells Fargo relies on the holding in *Satey v. JP Morgan Chase & Co.* (9th Cir. 2008) 521 F.3d 1087 which states that an identity theft victim may pursue an action only against a party that has made a 'claim against that person.' Guo also relies on the holding in *Satey* when she pled in her FAC that Wells Fargo is a "claimant". *See* FAC at para. 22, ll. 11-12.

## VIII. ANY PLEADING DEFICIENCY CAN BE CURED; DISMISSAL OF THE CASE WITH PREJUDICED IS UNWARRANTED

Should the court find any element of any cause of action in this FAC is not sufficiently particularized, Guo can amend the pleading to incorporate additional facts to support Guo's serious claims. Plaintiff has pled concrete harm including credit denials, emotional distress, out of pocket expenses, time lost and diminished creditworthiness. The FAC also pleads facts supporting willfulness or, at a minimum, negligence. Under Ninth Circuit law, leave to amend should be freely granted. *Carvalho* recognizes denial of leave only where an amendment would be futile. In this case, an amendment would not be futile in that Guo can plead additional specific facts obtainable from Guo records.

/ / / / /

/ / / / /

/ / / / /

-7-

**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

## VII. CONCLUSION

The First Amended Complaint states plausible claims under the FCRA, CCCRAA and the CITA, supported by controlling authority. Wells Fargo's Motion to Dismiss should be denied in its entirety. Alternatively, if the Court identifies any pleading deficiencies, Plaintiff Junnan Guo respectfully requests leave to amend.

DATED:  October 6, 2025             **LAW OFFICES OF BRIAN J SOO-HOO, APC**

                    By: */s/ Brian J. Soo-Hoo*
                        **BRIAN J. SOO-HOO**
                        Attorney for Plaintiff Junnan Guo

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 1905 North Main Street, Santa Ana, CA 92706.

On October 6, 2025, I served **PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.S.'S MOTION TO DISMISS.** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

( )   **BY MAIL**. I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Santa Ana, California.

(X)   **BY CM/ECF NOTICE OF ELECTRONIC FILING**. I electronically filed the documents(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participates in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

Executed on October 6, 2025, Santa Ana, California.

(X)   (**Federal**)   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

*/s/ Brian J. Soo-Hoo*
BRIAN J. SOO-HOO

**PLAINTIFF JUNNAN GUO'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**