Stacy A. Bradfield, Esq., Bar No. 218927
sbradfield@bgsplaw.com
**BEHAR | GIBBS | SAVAGE | PAULSON**
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500; (562) 983-2555 Fax

Attorneys for Defendant,
AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA
(erroneously sued as "Automobile Club of California")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -EASTERN DIVISION

| | |
|---|---|
| JUANNAN GUO,<br><br>             Plaintiff,<br><br>     vs.<br><br>AMERICAN FIRST CREDIT UNION; ADLER WALLACH & ASSOCIATES, INC; AUTOMOBILE CLUB OF CALIFORNIA; CITIBANK, N.A.; BRIDGECREST ACCEPTANCE CORPORATION; EQUIFAX INFORMATION SERVICES LLC; WELLS FARGO CARD SERVICES, INC.; XACTUS LLC, AND DOES 1-10, INCLUSIVE,<br><br>             Defendants. | Case No. 5:25-cv-01694-KK-SP<br>District Judge Kenly Kiya Kato<br><br>**NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RENEE E. JENSEN**<br><br>Date: November 20, 2025<br>Time: 9:30 a.m.<br>Courtroom:  3<br><br>Complaint Filed: May 30, 2025<br>Removal Date: July 7, 2025 |

TO PLAINTIFF AND HER COUNSEL OF RECORD:

1

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

PLEASE TAKE NOTICE that on November 20, 2025, at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 3, 3rd Floor, at the George E. Brown, Jr. United States Courthouse located at 3470 12th Street, Riverside, CA 92501, Defendant AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA (erroneously sued as "Automobile Club of California"), will seek an Order dismissing each and every cause of action of Plaintiff's First Amended Complaint (Dkt. No. 22), pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made following the conference of counsel pursuant to L.R. 7-3 that occurred on September 5, 2025.  (See Decl. Jensen, ¶2.)

This motion will be made and based on the grounds that Plaintiff has failed to state any claims upon which relief can be granted.

Specifically, Defendant AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA ("ACSC") will ask the Court:

1. To dismiss the first cause of action for violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681X (FCRA) on the ground that Plaintiff has failed to state a claim or allege facts upon which relief can be granted.

2. To dismiss the second cause of action for violation of the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.1, *et seq.* on the ground that Plaintiff has failed to state a claim or allege facts upon which relief can be granted.

3. To dismiss the third cause of action for violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), on the ground that Plaintiff has failed to state a claim or allege facts upon which relief can be granted.

4. To dismiss the fourth cause of action for violations of California's Identity Theft Act California Civil Code § 1798.92-1798.97, on the ground that Plaintiff has failed to state a claim or allege facts upon which relief can be granted.

2

5. To dismiss the fifth cause of action for violation of the Fair Credit Billing Act, 15 U.S.C. § 1666-1666J (FCBA), on the ground that Plaintiff has failed to state a claim or allege facts upon which relief can be granted.

This Motion will be made and based upon this Notice of hearing, the attached Motion to Dismiss the First Amended Complaint and Memorandum of Points and Authorities, the Declaration of Renee E. Jensen, upon all of the records and documents on file herein, and upon such oral and documentary evidence as may be presented at the hearing of this matter.

Dated:  October 14, 2025

BEHAR | GIBBS | SAVAGE | PAULSON


BY:___/s/ Renee E. Jensen_____
for    STACY A. BRADFIELD
Attorneys for Defendant,
AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA (erroneously sued as
"Automobile Club of California")

3

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION/SUMMARY OF ARGUMENT

This action arises from Plaintiff's claim that she was the victim of identity theft. As to Defendant AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA ("ACSC"), Plaintiff alleges that a debt showed up on her credit report for insurance services through ACSC, despite the fact that Plaintiff did not have any car insurance through ACSC.

Plaintiff brings this action against ACSC, and others, for allegedly unlawfully attempting to collect an invalid debt from Plaintiff and for inaccurately reporting information to the Credit Reporting Agencies. Plaintiff fails to state facts sufficient to support any of the five causes of action asserted against ACSC. All claims against ACSC should be dismissed.

## II.    ALLEGATIONS OF THE FIRST AMENDED COMPLAINT AS TO ACSC

The only allegations in the FAC that specifically mention conduct by ACSC (erroneously referred to as "AAA" by Plaintiff) are as follows:

"AAA is a company that sells motor vehicle and home insurance products, operates in the State of California and is a 'claimant' as that term is defined by California Civil Code §1798.92(a). AAA, in the ordinary course of business, regularly, on behalf of themselves or others, engages in 'debt collection' as that term is defined by California Civil Code § 1788.2(b), and is therefore a 'debt collector' as that term is defined by California Civil Code § 1788.2(c)." (Dkt. No. 22, FAC, para. 20.)

On or about August 1, 2023, Plaintiff reviewed her credit report and identified a delinquent trade-line indicating a balance of $1,011.00 purportedly owed to the AAA collected on by debt collector Adler Wallach & Associates, Inc. ("AWA") for insurance services. Plaintiff did not have any car insurance through AAA. (Dkt. No. 22, FAC, para. 37.)

On August 1, 2023, Plaintiff sent an initial dispute letter to AAA & AWA disputing the debt as not belonging to her. (Dkt. No. 22, FAC, para. 38.)

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

AAA and AWA should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff did not own the vehicle described in the insurance billing notice. (Dkt. No. 22, FAC, para. 62.)

Through this conduct, Defendants, and each of them, violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that AAA and AWA knew or should have known to be inaccurate. (Dkt. No. 22, FAC, para. 90.)

The FAC asserts five causes of action against ACSC, for violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681X (FCRA); violation of the California Consumer Credit Reporting Agencies Act (CCCRAA), California Civil Code § 1785.1, *et seq.*; violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA); violation of California's Identity Theft Act, California Civil Code § 1798.92-1798.97; and violation of the Fair Credit Billing Act, 15 U.S.C. § 1666-1666J (FCBA).

As discussed below, none state facts sufficient to support a cause of action against ACSC.

**III.    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED MAY BE ASSERTED AS A DEFENSE BY MOTION.**

Federal Rule of Civil Procedure 12(b)(6) provides that the defense of failure to state a claim upon which relief can be granted may be asserted by motion.

**IV.    ALTHOUGH WELL-PLEADED ALLEGATIONS OF FACT IN THE FIRST AMENDED COMPLAINT ARE ADMITTED AS TRUE, CONCLUSIONS OF LAW, DEDUCTIONS OR OPINIONS ARE NOT DEEMED ADMITTED**

To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 675, 129 S. Ct. 1937.) The court then uses a two-prong analysis, first, disregarding conclusory allegations, and second, assuming the veracity of well-pleaded factual allegations and then determining whether they plausibly give rise to an entitlement to relief. (*Id.*, at 679.)

2

To establish a "plausible" claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555, 127 S. Ct. 1955.)

The Rule in the Ninth Circuit has been summarized as follows: On a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff. Consequently, the court generally assumes the factual allegations to be true. The court does not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. (*Western Min. Council v. Watt* (1981) 643 F.2d 618, 624.)

For purposes of a Federal Rule of Civil Procedure 12(b)(6) motion, the court can augment the facts and inferences from the body of the complaint with data gleaned from matters of public record and facts susceptible to judicial notice. (*Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F.3d 1031, 1038.)

Dismissal without leave to amend is appropriate when deficiencies in the complaint could not possibly be cured by amendment. (See *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); see also *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (dismissal without leave to amend is appropriate if the district court "determines that the pleading could not possibly be cured by the allegation of other facts," quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).)

## V.    FIRST CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681-1681X (FCRA) FAILS TO ALLEGE SUFFICIENT FACTS AS TO ACSC

To prevail on the FCRA claim, Plaintiff must prove that (1) defendant is a "furnisher"; (2) Plaintiff notified the relevant credit reporting agencies that Plaintiff disputed defendant's reporting as inaccurate; (3) the credit reporting agencies notified defendant of the information in dispute; (4) defendant's reporting was in fact inaccurate; and (5) defendant failed to conduct a reasonable investigation as required by 15

3

U.S.C. 1681s-2(b)(1). (*Miller v. Westlake Servs. LLC* (C.D. Cal. 2022) 637 F. Supp. 3d 836, 848.)

> Section 1681s-2 sets forth two categories of duties for furnishers of credit information. *Wang v. Asset Acceptance LLC,* 2010 WL 2985503 *2-3, 2010 U.S. Dist. LEXIS 91946 *6-7 (N.D.Cal. July 27, 2010). First, subsection (a) restricts furnishers from reporting information if they "know or have reasonable cause to believe" the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1). This subsection also requires furnishers to correct and update information if they later determine the reported information is inaccurate. *Id.* at § s-2(a)(2). Private plaintiffs cannot bring an action against furnishers of credit information under this subsection. *Gorman,* 584 F.3d at 1154 (stating the duties imposed on furnishers under section 1681s-2(a) are enforceable only by federal or state agencies).

> Second, under subsection (b), when a furnisher is notified by a credit reporting agency that a consumer disputes the reported information, the furnisher is required to review, investigate, and compile a report regarding the disputed information. 15 U.S.C. § 1681s-2(b); *Wang,* 2010 WL 2985503 *2-3, 2010 U.S. Dist. LEXIS 91946 *7. Consumers may bring a private right of action under subsection (b), but only if they first notify the national credit reporting agencies of the disputed information and the furnisher fails to conduct a reasonable investigation. *Nelson v. Equifax Info. Serv.,* 522 F.Supp.2d 1222, 1231 (C.D.Cal.2007).

(*Miller v. Bank of Am., Nat. Ass'n,* 858 F. Supp. 2d 1118, 1123-1124 (S.D. Cal. 2012).)

Plaintiff has failed to allege the elements required for a cause of action for violation of the FCRA. The FAC does not allege that ACSC is a furnisher. Even assuming arguendo that ACSC is a furnisher, only federal or state agencies can bring an action against a furnisher pursuant to Section 1681s-2(a). In order for Plaintiff to bring an action under Section 1681s-2(b), Plaintiff must have notified a reporting agency of the disputed reporting, a credit reporting agency notified ACSC of the information in dispute, and ACSC must have failed to conduct a reasonable investigation as required by 15 U.S.C. 1681s-2(b)(1). None of these facts are alleged in the FAC as to ACSC. Here, Plaintiff only alleges that she submitted a dispute directly to ACSC.

In addition, to prevail under an FCRA claim, the plaintiff must show that the defendant's violation of the statute caused the loss of credit or some other harm. (*Bach v.*

4

1  *First Union Nat. Bank*, 149 Fed. Appx. 354, 2005 FED App. 0733N (6th Cir. 2005), reh'g

2  denied (Dec 19, 2005).) The FAC does not allege any harm suffered by Plaintiff as a result

3  of ACSC's alleged violation of the FCRA.

**VI.    SECOND CAUSE OF ACTION FOR VIOLATION OF THE CALIFORNIA
CONSUMER CREDIT REPORTING AGENCIES ACT, CIVIL CODE §
1785.1, ET SEQ. DOES NOT APPLY TO ACSC**

7  California Consumer Credit Reporting Agencies Act ("CCCRAA") governs the

8  conduct of consumer credit reporting agencies. (California Civil Code §§ 1785.1, *et seq.*)

9  The CCCRAA allows a consumer to dispute "completeness or accuracy of any item of

10  information contained in his or her file," and triggers a corresponding duty for credit

11  reporting agencies to investigate to such disputes. (California Civil Code § 1785.16.)

12  Initially, ACSC notes that the second cause of action does not allege any specific

13  conduct by ACSC, and therefore fails to state a valid claim as to ACSC.

**A.    The CCCRAA Does Not Apply to ACSC Because ACSC is not a Consumer
Credit Reporting Agency.**

16  "'Consumer credit reporting agency' means any person who, for monetary fees,

17  dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the

18  business of assembling or evaluating consumer credit information or other information on

19  consumers for the purpose of furnishing consumer credit reports to third parties."

20  (California Civil Code § 1785.3(d).)

21  Plaintiff alleges that AAA is a company that sells motor vehicle and home insurance

22  products. (Dkt. No. 22, FAC, para. 20.) Since ACSC is not a credit reporting agency,

23  CCCRAA does not apply to ACSC.

24  The CCCRAA provides a right of action against credit reporting agencies, but not

25  others involved in credit reporting, like furnishers. (*Pulver v. Avco Financial Servs.*,

26  182 Cal.App.3d 622, 633, 227 Cal.Rptr. 491 (Cal. App. Ct. 1986) (holding section

27  1785.31, which authorizes a private right of action for a violation of section 1785.25, "does

28  not extend liability to one who furnished information to a credit reporting agency.").

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff does not allege that ACSC is a credit reporting agency. Therefore, Plaintiff
has not plausibly alleged that the C CCRAA applies to ACSC.

**B.    Plaintiff has not described an "item of information" governed by the CCCRAA**

"'Item of information' means any of one or more informative entries in a credit
report which causes a creditor to deny credit to an applicant or increase the cost of credit
to an applicant or deny an applicant a checking account with a bank or other financial
institution." (California Civil Code § 1785.3(i).) Plaintiff has not described an "item of
information" governed by the CCCRAA. Again, Plaintiff has failed to plausibly allege that
the CCCRAA applies to ACSC.

**VII.  THE THIRD CAUSE OF ACTION FOR VIOLATION OF THE
ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL
CODE §§ 1788-1788.32 (RFDCPA) IS PREEMPTED BY FEDERAL LAW,
AND BARRED BY A ONE-YEAR STATUTE OF LIMITATIONS**

**A.    Federal Law Preempts Plaintiff's RFDCPA Claim**

To the extent plaintiff's claim under the RFDCPA concerns credit reporting by
ACSC, it is preempted by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et
seq*. (*Dewi v. Wells Fargo Bank (Dewi)*, 2012 WL 10423239, (C.D. Cal. 2012) ("Plaintiff's
[RFDCPA] claim is plainly preempted by the FCRA because it is expressly based upon
'the basic fact of false credit reporting' by Wells Fargo."); *Pirouzian v. SLM Corp.
(Pirouzian)*, 396 F.Supp.2d 1124, 1130 (S.D. Cal. 2005) ("All of the [RFDCPA] claims in
this case are preempted by the FCRA because they pertain to Defendant's reporting of or
failure to report certain information about Plaintiff.").

**B.    The Statute of Limitations Bars Plaintiff's RFDCPA Claim**

ACSC does not concede that the Plaintiff's Third Cause of Action for violation of
the Rosenthal Fair Debt Collection Practices Act, Civil Code §§ 1788-1788.32 (RFDCPA),
is a valid cause of action as to ACSC, but notes that even if it did apply to ACSC, it is
barred by the statute of limitations. Claims must be brought within one year from the date

6

of the occurrence of the violation. (Civil Code § 1788.30(f).) Here, the First Amended Complaint alleges that on "August 1, 2023, Plaintiff reviewed her credit report and identified a delinquent trade-line indicating a balance of $1,011.00 purportedly owed to the Automobile Club of California ('AAA')" for insurance services, but Plaintiff did not have any insurance through 'AAA.'" (Dkt. No. 22, FAC, para. 37, p. 7:12-14.) "On August 1, 2023, Plaintiff sent an initial dispute letter to AAA & AWA disputing the debt as not belonging to her. This dispute explained the basis for Plaintiff's belief that she is the victim of identity theft and also contained extensive information establishing the fraudulent nature of the transactions. This dispute also included portions of a credit report; a copy of Plaintiff's current auto insurance bill with USAA; an FTC Identity Theft Report (FTC Report Number: 140284962); Plaintiff's sheriff's report; Plaintiff's Driver License, and Social Security Card." (Dkt. No. 22, FAC, para. 38, p. 7:16-22.)

Paragraph 90 of the FAC alleges that ACSC violated Civil Code § 1788.17 by "reporting credit information regarding Plaintiff that AAA and AWA knew or should have known to be inaccurate." (Dkt. No. 22, FAC, para. 90, p. 13:22-25.) This suggests that Plaintiff asserts the violation of RFDCPA occurred prior to August 1, 2023 when Plaintiff discovered the debt allegedly owed to ACSC on her credit report.

Plaintiff's original Complaint was filed in Riverside Superior Court, Case No. CIVRS2504240, on May 30, 2025. (Dkt. No. 1-1.)

Based on the allegations in Plaintiff's FAC, it appears that the alleged conduct occurred in 2023, at the latest. The initiating complaint was not filed until 2025, more than one year after the occurrence of the alleged violation. Plaintiff's Third Cause of Action is barred by the one-year statute of limitations set forth in Civil Code § 1788.30(f).

## VIII. FOURTH CAUSE OF ACTION FOR VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT (CIVIL CODE § 1798.92-1798.97) ALLEGES NO CONDUCT BY ACSC

The Fourth Cause of Action for violations of the California Identity Theft Act (Civil Code § 1798.92-1798.97) does not allege any conduct by ACSC, and therefore fails to state

7

a valid claim against ACSC. The only conduct alleged in the fourth cause of action is by Defendant Bridgecrest. (Dkt. No. 22, FAC, paras. 116-119.)

With regard to a claim pursuant to Civil Code § 1798.92-1798.97,

California's Identity Theft Law allows a "victim of identity theft" to bring an action for damages, civil penalties, and injunctive relief against a "claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ.Code § 1798.93(a) and (c). "Claimant" means "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." Cal. Civ.Code § 1798.92(a). The statute defines a "victim of identity theft" as "a person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard pursuant to Section 530.5 of the Penal Code." Cal. Civ. Code § 1798.92(d).

Civil penalties are available if the victim of identity theft proves all of the following by clear and convincing evidence:

(A) That at least 30 days prior to filing an action or within the cross-complaint pursuant to this section, he or she provided written notice to the claimant at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief.
(B) That the claimant failed to diligently investigate the victim's notification of a possible identity theft.
(C) That the claimant continued to pursue its claim against the victim after the claimant was presented with facts that were later held to entitle the victim to a judgment pursuant to this section.

Cal. Civ.Code § 1798.93(c)(6).

(*Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008).)

The FAC alleges that on August 1, 2023, Plaintiff reviewed her credit report and identified a delinquent trade-line indicating a balance of $1,011.00 purportedly owed to AAA collected on by debt collector Adler Wallach & Associates, Inc. ("AWA") for insurance services. (Dkt. No. 22, FAC, para. 37.) Plaintiff sent an initial dispute letter to

8

AAA & AWA disputing the debt as not belonging to her, and including an FTC Identity Theft Report (FTC Report Number: 140284962), and a copy of Plaintiff's sheriff's report, among other things. (Dkt. No. 22, FAC, para. 38.) Inasmuch as Plaintiff erroneously named ACSC "Automobile Club of California" and references ACSC as "AAA" throughout the original Complaint and FAC, it is unclear where, or to whom, Plaintiff purportedly sent her dispute letter.

"On August 17, 2023, AWA sent a response letter to Plaintiff indicating that AWA found no basis to support Plaintiff's claim of identity theft, that AWA has closed their investigation and enclosed an insurance premium bill totaling $966.38 for a 2021 Mercedes Benz C Class 300 vehicle that Plaintiff does not own." (Dkt. No. 22, FAC, para. 39, p. 7:23-26.)

Plaintiff does not claim to have had any response or interaction with ACSC.

Plaintiff does not claim that ACSC continued to pursue a claim after allegedly being notified by Plaintiff in 2023 that Plaintiff claimed to be the victim of identity theft. The FAC does not allege that ACSC was, or was still, a "claimant" at the time the subject action was filed in 2025. The definition of "claimant" does not include a company that no longer has a claim on the date the action is filed. Thus, for example, where a credit card company sold the disputed debt to another company, the credit card company was not a claimant thereafter. (*Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1093 (9th Cir. 2008).)

Plaintiff has failed to allege the elements required for a claim under the California Identity Theft Act as to ACSC.

## IX.    FIFTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT BILLING ACT, 15 U.S.C. § 1666-1666J (FCBA) FAILS TO STATE FACTS TO SUPPORT THIS CLAIM

This cause of action does not allege any conduct by ACSC (or any specific defendant), and therefore fails to state a valid claim against ACSC.

In addition, the Fair Credit Billing Act, 15 U.S.C.A. §§ 1666-1666j, "provides a procedure through which a debtor can dispute statements containing a billing error issued

9

by a creditor. To trigger the creditor's obligation to reinvestigate and verify the billing, the debtor must give written notice of the specific dispute within sixty days of receipt of the statement. 15 U.S.C.A. § 1666(a)." (*Pinner v. Schmidt* (Court of Appeals, 5th Cir. 1986) 805 F.2d 1258, 1264.) The FAC does not allege that Plaintiff ever received a billing statement from ACSC, or gave ACSC notice of the dispute within sixty days of receipt of a statement. ACSC's obligations under the Act were not triggered.

## X.    NO LEAVE TO AMEND SHOULD BE GRANTED

Dismissal without leave to amend is appropriate, as is the case here, when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. (*Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)).

Even after amendment, no facts are alleged to support any claims against Defendant ACSC.  Plaintiff cannot cure the deficiencies by amendment.

## XI.    CONCLUSION

Based upon the foregoing, as to Defendant ACSC, Plaintiff has failed to state any claim upon which relief can be granted. Defendant respectfully requests that its motion be granted, thereby dismissing all causes of action asserted against ACSC, with prejudice, without leave to amend.


Dated:  October 14, 2025

BEHAR | GIBBS | SAVAGE | PAULSON


BY:__/s/ *Renee E. Jensen*_____
*for*    STACY A. BRADFIELD
Attorneys for Defendant,
AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA (erroneously sued as
"Automobile Club of California")

10

## DECLARATION OF RENEE E. JENSEN

I, RENEE E. JENSEN, declare and state as follows:

1.      I am an attorney at law, duly authorized to practice before all of the courts of the State of California, and the United States District Court Central District of California, and am Senior Counsel for the law firm of BEHAR | GIBBS | SAVAGE | PAULSON, counsel for Defendant AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA (erroneously sued as "Automobile Club of California"). I have personal knowledge of the facts contained in this declaration, which are true and correct, and if called as a witness, am competent to testify thereto.

2.      On September 2, 2025, I sent email correspondence to Plaintiff's counsel outlining the essential legal arguments to be presented by Defendant ACSC in a contemplated motion to dismiss the First Amended Complaint. On September 5, 2025, I spoke with Plaintiff's counsel Brian Soo-Hoo by telephone and we discussed the substance of ACSC's intended motion to dismiss Plaintiff's First Amended Complaint. After discussing the issues, counsel were unable to reach an agreement to resolve the objections to be raised in the motion to dismiss.

IN ACCORD WITH THE LAWS OF THE UNITED STATES AND THE STATE OF CALIFORNIA, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated:  October 14, 2025          At:  Long Beach, California


BY:   /s/ Renee E. Jensen
          RENEE E. JENSEN

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE – F.R.Civ.P. 5)

*DOCUMENTS FILED ELECTRONICALLY*

Eastern Division – 5:25-cv-01694-KK-SP

UNITED STATES DISTRICT COURT        )
                                    )
                                    )
CENTRAL DISTRICT OF CALIFORNIA      )

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: One World Trade Center, Twenty-Seventh Floor, Long Beach, California 90831-2700.

On August 12, 2025 I served the within: [PROPOSED] ORDER GRANTING DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT on the interested parties in said action,

_____ by depositing it in the United States Mail at Long Beach, California, in a sealed envelope with the postage fully prepaid to the following listed attached service list;

_X_ By electronic mail through the Court's CM/ECF system as to all interested parties, other than any persons identified above who will receive mail or personal delivery, who have registered with CM/ECF in this action, as provided in FRCivP5(b).

**SEE ATTACHED SERVICE LIST**

_X_  I hereby certify that I am a member of the Bar of this Court.

_X_  I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2025.

_/s/ Renee E. Jensen_
Renee E. Jensen

12

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Guo vs. American First Credit Union, et al.
26525-009
Eastern Division – 5:25-cv-01694-KK-SP

| | |
|---|---|
| Brian J. Soo-Hoo, Esq.<br>**Law Offices of Brian J. Soo-Hoo APC**<br>1905 North Main St.<br>Santa Ana, ,CA 92706<br>bankruptcylawpros@gmail.com,<br>brian@consumerjusticelc.com<br><br>714-589-2252<br>Fax: 714-589-2254 | Counsel for Plaintiff,<br>JUNNAN GUO |
| Rebecca S. Saelao, Esq.<br>Alisa A. Givental, Esq.<br>**STINSON LLP**<br>A Professional Corporation<br>595 Market Street, Suite 2600<br>San Francisco, California 94105<br>aag@severson.com,<br>efiling@severson.com,<br>temp1@severson.com,<br>tmp@severson.com,<br>rebecca.saelao@stinson.com,<br>ear@severson.com<br>emily.rhea@stinson.com<br><br>Telephone: (415) 398-3344<br>Facsimile: (415) 956-0439<br><br>Megan N. Aldworth, Esq.<br>Loren W. Coe, Esq.<br>**STINSON LLP**<br>19100 Von Karman Avenue, Suite 700<br>Irvine, California 92612<br>megan.aldworth@stinson.com,<br>lourdes.delgado@stinson.com, | Attorneys for Defendant,<br>*WELLS FARGO BANK, N.A.*<br>*(erroneously sued as "Wells*<br>*Fargo Card Services, Inc.")* |

13

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN
CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

| | |
|---|---|
| claudia.perez@stinson.com, loren.coe@stinson.com<br><br>Telephone: (949) 442-7110<br>Facsimile: (949) 442-7118 | |
| Allison M. Scott, Esq.<br>Angela L Scott, Esq.<br>**HUSCH BLACKWELL LLP**<br>355 South Grand Avenue, Suite 2850<br>Los Angeles, California 90071-3100<br>allison.scott@huschblackwell.com,<br>crystal.rose@huschblackwell.com,<br>docket.lax@huschblackwell.com,<br>pstlaboremploymentsapphire@huschblackwell.com<br>scotta@ballardspahr.com,<br>ballarddocketwest@ballardspahr.com,<br>goldbergc@ballardspahr.com,<br>smithl@ballardspahr.com<br>Telephone: 213.337.6550<br>Facsimile: 213.337.6551 | Attorney for Defendant<br>BRIDGECREST ACCEPTANCE CORPORATION |
| MORGAN, LEWIS & BOCKIUS LLP<br>Arjun P. Rao<br>Marcos Sasso<br>2049 Century Park East<br>Suite 700<br>Los Angeles, CA 90067-3109<br>Tel: +1.310.907.1000<br>Fax: +1.310.907.1001<br>marcos.sasso@morganlewis.com,<br>arjun.rao@morganlewis.com<br>kathleen.rosello@morganlewis.com,<br>micalendardepartment@morganlewis.com<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Christina Chen | Attorneys for Defendant<br>CITIBANK, N.A. |

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

| | |
|---|---|
| One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Tel: +1.415.442.1000<br>Fax: +1.415.442.1001<br>christina.chen@morganlewis.com | |
| Adam Aaron Taryle<br>Matthew A. Morr<br>BALLARD SPAHR LLP<br>2029 Century Park East, Suite 1400<br>Los Angeles, CA 90067-2915<br>Telephone: 424.204.4400<br>Facsimile: 424.204.4350<br>smithl@ballardspahr.com,<br>tarylea@ballardspahr.com<br>clarks@ballardspahr.com,<br>snider@ballardspahr.com,<br>morrm@ballardspahr.com | Attorneys for Defendant<br>XACTUS, LLC |
| Thomas P Quinn<br>NOKES AND QUINN APC<br>410 Broadway Street, Suite 200<br>Laguna Beach, CA 92651-1827<br>Telephone: 949-376-3500<br>Fax: 949-376-3070<br>tquinn@nokesquinn.com,<br>8175538420@filings.docketbird.com | Attorneys for Defendant<br>EQUIFAX INFORMATION<br>SERVICES LLC |

15

NOTICE OF MOTION; DEFENDANT AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT