Rebecca S. Saelao (State Bar Number 222731)
rebecca.saelao@stinson.com
STINSON LLP
595 Market Street
Suite 2600
San Francisco, California 94105
Telephone: 415.398.3344
Facsimile: 415.956.0439

Loren W. Coe (State Bar Number 273124)
loren.coe@stinson.com
Megan N. Aldworth (State Bar Number 351462)
megan.aldworth@stinson.com
STINSON LLP
19100 Von Karman Avenue
Suite 700
Irvine, California 92612
Telephone: 949.442.7110
Facsimile: 949.442.7118

Attorneys for Defendant Wells Fargo Bank, N.A.
(erroneously sued as "Wells Fargo Card Services, Inc.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JUNNAN GUO,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN FIRST CREDIT UNION; ADLER WALLACH & ASSOCIATES, INC.; AUTOMOBILE CLUB OF CALIFORNIA; CITIBANK, N.A.; BRIDGECREST ACCEPTANCE CORPORATION; EQUIFAX INFORMATION SERVICES LLC; WELLS FARGO CARD SERVICES, INC.; XACTUS LLC, AND DOES 1-10, INCLUSIVE,<br><br>    Defendants. | Case No. 5:25-cv-01694-KK-SP<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Kenly Kiya Kato |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits this reply in support of its Motion to Dismiss Plaintiff's Junnan Guo's ("Guo") First Amended Complaint (the "Motion").

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 6

II. THE COURT SHOULD DISMISS THE FAC WITH PREJUDICE ............. 7

    A. Plaintiff's FCRA Claim Against Wells Fargo Fails ............................ 7

    B. The Opposition Fails to Cure the Deficiencies with Plaintiff's FCRA Section 1681s-2(b) Claim ......................................................... 10

    C. The CCRAA Claim Should Be Dismissed ........................................ 12

    D. The Opposition Fails to Save the CITA Claim .................................. 13

III. CONCLUSION ................................................................................................ 14

3

DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 5:25-CV-01694-KK-SP

CORE/3547685.3478/232601437.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Forrett v. Gourmet Nut, Inc.*
  634 F. Supp. 3d 761 (N.D. Cal. 2022)..................................................................7

*Glanton v. DirecTV, LLC*
  172 F. Supp. 3d 890 (D.S.C. 2016) ......................................................................8

*Lee v. Fin. Recovery Servs*
  2024 WL 5439275 (C.D. Cal. Nov. 14, 2024).................................................7, 8

*Mahajan v. Kumar*
  2008 WL 2233512 (E.D. Cal. 2008) ....................................................................8

*Marshall v. Swift River Academy, LLC*
  327 Fed.App'x. 13 (9th Cir. 2009)......................................................................11

*Myers v. Bennett Law Offices*
  238 F.Supp.2d 1196 (D. Nev. 2002) ....................................................................8

*Nayab v. Cap. One Bank, N.A.*
  2017 WL 2721982 (S.D. Cal. June 23, 2017) ......................................................9

*Nayab v. Capital One Bank (USA), N.A.*
  942 F.3d 480 (9th Cir. 2019) ..........................................................................9, 10

*O'Connor v. Wells Fargo, N.A.*
  2014 WL 4802994 (N.D. Cal. Sept. 26, 2014)...................................................13

*Pintos v. Pac. Creditors Association*
  605 F.3d 665 (9th Cir. 2010) ................................................................................9

*Pugh v. Corelogic Credco, LLC*
  2013 WL 5655705 (D.Md. Oct. 16, 2013).........................................................10

*Rara v. Experian Info. Sols., Inc.*
  2017 WL 1047020 (N.D. Cal. Mar. 20, 2017) ...................................................12

*VanDyke v. N. Leasing Sys., Inc.*
  2009 WL 3320464 (E.D. Cal. 2009) ....................................................................8

*Wang v. Asset Acceptance, LLC*
   681 F.Supp.2d 1143 (N.D. Cal. 2010) ................................................................. 13

**Statutes**

15 U.S.C. § 1681b(a), and (f) ....................................................................................... 7

15 U.S.C. § 1681i ......................................................................................................... 7

15 U.S.C. § 1681s-2(b) ................................................................................ 6, 7, 10, 11

Cal. Civ. Code § 1785.25(a) ................................................................................ 12, 13

Cal. Civ. Code § 1785.25(b) ...................................................................................... 13

Cal. Civ. Code § 1785.25(f) ....................................................................................... 13

Cal. Civ. Code § 1798.92(b) ...................................................................................... 13

Cal. Civ. Code § 1798.92(d) ...................................................................................... 13

California Consumer Credit Reporting Agencies Act ............................ 6, 11, 12, 13

California Identity Theft Act ................................................................................. 6, 13

FCRA ................................................................................................................ *passim*

Federal Fair Credit Reporting Act ............................................................................ 12

**Other Authorities**

12 CFR § 1022.41(c)(1) ............................................................................................ 12

## I. INTRODUCTION

Plaintiff's Opposition to Wells Fargo's Motion to Dismiss the First Amended Complaint (the "Opposition") entirely ignores the glaring issues with Plaintiff's First Amended Complaint ("FAC").

For instance, the Opposition fails to address the arguments in the Motion that Fair Credit Reporting Act ("FCRA") sections 1681s-2(b), which is the only code section cited in the FAC, does not apply to Wells Fargo. Section 1681-2(b) applies to credit reporting agencies ("CRAs") and furnishers of information, and the FAC alleges that Wells Fargo was merely a "user" of the credit reports. Apparently conceding this pleading defect, the Opposition advances a new claim that Wells Fargo was a user of Plaintiff's credit report and violated 1681b(a) and (f). But this claim falls flat because Plaintiff fails to allege facts establishing that Wells Fargo obtained or used her credit report for an impermissible purpose, yet alone that it acted negligently or willfully in doing so.

The Opposition then reverts to and doubles down on the conclusory argument that Wells Fargo violated section 1681s-2(b). However, Plaintiff offers no response to the arguments in the Motion that: (i) the FAC does not allege that Wells Fargo was a furnisher; and (ii) the FAC does not allege that Plaintiff indirectly disputed the reporting with a CRA that, in turn, notified Wells Fargo.

The Opposition's arguments related to the California Consumer Credit Reporting Agencies Act ("CCRAA") also fail. The claims are based on furnisher obligations and are largely preempted.

Lastly, Plaintiff's California Identity Theft Act ("CITA") claim is similarly flawed. She fails to establish she is a victim of identity theft thereunder and cannot truthfully allege that Wells Fargo is claiming that Plaintiff owes it any money.

For these reasons, the Court should dismiss the FAC with prejudice.

/ / /

/ / /

## II. THE COURT SHOULD DISMISS THE FAC WITH PREJUDICE

### A. Plaintiff's FCRA Claim Against Wells Fargo Fails

The FAC generally alleges that the "acts and omissions" described in the FAC "constitute numerous and multiple violations of the FCRA." (FAC ¶ 99.) The FAC makes no allegations as to what provisions of FCRA Wells Fargo allegedly violated, instead Plaintiff claims that unspecified defendants violated 15 U.S.C. §§ 1681i and 1681s-2(b). However, for the reasons described in the Motion, these provisions do not apply to Wells Fargo since it is not a furnisher of information nor a credit reporting agency.

In a clear attempt to overcome these defects, Plaintiff's Opposition argues for the first time that Wells Fargo violated 15 U.S.C. 1681b(a), and (f). (Opposition, pp. 3-4.) "Plaintiff may not use [her] opposition to raise and argue new allegations or claims not in the complaint." (*Forrett v. Gourmet Nut, Inc.*, 634 F. Supp. 3d 761, 765 (N.D. Cal. 2022) (citing *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016).) Regardless, this new claim also fails.

> Section 1681b(f) prohibits a person from using or obtaining a consumer report for any purpose unless, among other things, it is obtained for a permissible purpose under Section 1681(b). 15 U.S.C. § 1681b(f)(1). To state a Section 1681b(f) claim, [Plaintiff] "must show that credit information was obtained for an impermissible purpose." *Lee v. JP Morgan Chase Bank, N.A.*, No. 8:22-cv-01447-DOC-KES, 2023 WL 3551960, at *3 (C.D. Cal. Feb. 7, 2023) (quoting *Egbert v. Sw. Collection Servs., Inc.*, No. SA CV 13–00421–DOC (RNBx), 2013 WL 3188850, at *2 (C.D. Cal. June 21, 2013)). Section 1681b(a)(1)-(6) establishes the permissible purposes under which a consumer report may be obtained. 15 U.S.C. § 1681(a)(1)-(6).

(*Lee v. Fin. Recovery Servs.*, No. 5:24-CV-00861-SSS-SHKX, 2024 WL 5439275 (C.D. Cal. Nov. 14, 2024).)

To state a claim for requesting a consumer report without a permissible purpose, district courts within this circuit have required three elements: (1) the defendant obtained a consumer report from a consumer reporting agency (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in

7

requesting the report. *See VanDyke v. N. Leasing Sys., Inc.*, 2009 WL 3320464, at *3 (E.D. Cal. 2009); *Mahajan v. Kumar*, 2008 WL 2233512, at *8 (E.D. Cal. 2008) (motion to dismiss granted in part as to plaintiff's claim for improper use of consumer report under the FCRA); *Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1201 (D. Nev. 2002).

Here, Plaintiff alleges that she is a victim of identity theft, that she discovered six unauthorized credit inquiries on her credit report by Wells Fargo, and that she did not initiate and was not aware of these inquiries. (Opposition, 3:17-27.) But, these "allegation[s] [are] conclusory and hardly 'put[] forward factual assertions which negative each permissible purpose for which [Wells Fargo] could have obtained her credit report and for which [Plaintiff] could possibly have personal knowledge.'" (*Lee v. Fin. Recovery Servs.*, No. 5:24-CV-00861-SSS-SHKX, 2024 WL 5439275, at *3 (C.D. Cal. Nov. 14, 2024) (citing *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 496-97 (9th Cir. 2019) (emphasis removed)).)

Contrary to the Opposition's assertion, that Plaintiff was an alleged victim of identity theft does not "negate any permissible purpose Wells Fargo can claim to access [her] credit report." (Opposition, p. 3:21-23.) Federal courts throughout the country routinely hold "there is no violation of Section 1681b when a creditor obtains a credit report due to an imposter's application for credit even though the identity theft victim did not make the application." (*Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890 (D.S.C. 2016) (citing *Daniel v. Bluestem Brands, Inc.,* No. 13–11714, 2014 WL 81763, at *5 (E.D.Mich. Jan. 9, 2014) ("[A] potential creditor does not violate section 1681b(f) when it accesses a plaintiff's credit report for a permissible purpose, even if the plaintiff's identity was stolen and the plaintiff did not initiate the business contact."); *Bickley v. DISH Network, LLC,* No. 3:10–CV–00678–H, 2012 WL 5397754, at *5 (W.D.Ky. Nov. 2, 2012) (holding that inquiry was permissible based upon a telephone request for DISH Network service by an imposter of plaintiff, even though the plaintiff was the victim of identity theft);

8
DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 5:25-CV-01694-KK-SP

CORE/3547685.3478/232601437.1

*Ewing v. Wells Fargo Bank,* No. CV11–8194–PCT–JAT, 2012 WL 1844807, at *4 (D.Ariz. May 21, 2012) (finding that the plaintiff's conclusory allegation that the defendant had no permissible purpose for obtaining her credit did not state a claim under section 1681b(f), in part, because the plaintiff's police report for identity theft indicated that someone used her identity to apply for a loan or credit transaction with the defendant).)

Plaintiff's reliance on *Pintos v. Pac. Creditors Association*, 605 F.3d 665 (9th Cir. 2010) ("*Pintos*") and *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019) ("*Nayab*") is misplaced.

Plaintiff argues that the *Pintos* court held that the transaction must be "consumer-initiated" to show a permissible purpose under Section 1681b(a). (Opposition, 3:7-10.) This is an incorrect generalization of the holding of *Pintos*. In *Pintos*, a collection agency pulled the plaintiff's credit report in connection with the collection of debt related to the impounding of a vehicle that was obtained through identity theft. (*Pintos, supra,* at 673.) The Court found that because the collection agency's "claim against [plaintiff] did not result from a transaction initiated by [plaintiff]… 1681b(a)(3)(A) did not authorize [the collection agency] to obtain a credit report on [plaintiff]…" (*Id.* at 676.) The court's analysis was narrowly confined to section 1681b(a)(3)(A), stating it "need not determine whether [the collection agency] had a permissible purpose under any other § 1681b subsection. On remand, Defendants may argue that [the collection agency] was authorized to obtain Pintos's report under a different subsection." (*Pintos, supra,* at 670.)

*Nayab* is similarly distinguishable. In *Nayab*, the plaintiff (and other class members) alleged unauthorized inquiries on her credit reports for no specific purpose. (*Nayab v. Cap. One Bank, N.A.*, No. 3:16-CV-3111-CAB-MDD, 2017 WL 2721982, at *4 (S.D. Cal. June 23, 2017).) Plaintiff did not allege she, or anyone posing as her or acting on her behalf, caused the reports to be obtained (i.e., the case had nothing to do with identity theft or similar type claims). (*Id.*, at Dkt. No. 1, ¶¶

18-30.) The court noted that "a third-party may obtain a consumer's credit report…even if the transaction 'is not initiated by the consumer[.]' " (*Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 488 (9th Cir. 2019).) The court also found that, unlike here, the plaintiff "pleaded sufficient facts to give rise to a reasonable inference that… her credit report [was obtained] for an unauthorized purpose." (*Id.* at 496.) Specifically, she "put[] forth factual assertions which negative each permissible purpose for which [defendant] could have obtained her credit report and for which [plaintiff] could possibly have personal knowledge." (*Id.* at 496-497.)

In the Opposition, Plaintiff argues that Wells Fargo's conduct is "willful and negligent" because she submitted a dispute related to identity theft and it "maintained its inquiries… as 'valid[.]' " (Opposition pp. 3-4.) But this conclusory allegation is not sufficient. (*See Pugh v. Corelogic Credco, LLC,* No. CIV.A. DKC 13–1602, 2013 WL 5655705, at *3 (D.Md. Oct. 16, 2013) ("Because Plaintiff has failed to provide any facts giving rise to a plausible claim that Defendant violated the FCRA negligently, much less willfully, Plaintiff has not met his pleading burden.").)

Thus, to the extent the Opposition attempts to assert a new claim under 1681b(a)(3), (f), it fails and leave to amend should be denied.

### B. The Opposition Fails to Cure the Deficiencies with Plaintiff's FCRA Section 1681s-2(b) Claim

The Opposition does not save Plaintiff's FCRA claim and fails to demonstrate the claim can be cured by amendment.

First, the Opposition entirely ignores that Wells Fargo is not a "furnisher" with obligations under the FCRA section 1681s-2(b). Instead, the Opposition relies on legal conclusions and argues that Plaintiff has sufficiently pled Wells Fargo had duties to investigate her alleged indirect dispute with Wells Fargo. (*See generally*, FAC, pp. 4-5.) But the FAC merely alleges that Wells Fargo "runs hard credit inquiries on consumer credit reports to determine creditworthiness" (i.e. obtains

10
DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 5:25-CV-01694-KK-SP

CORE/3547685.3478/232601437.1

credit reports from consumer reporting agencies), *id.* at ¶ 24, and that in this instance six credit inquiries by Wells Fargo appeared on her Experian credit report (i.e. Wells Fargo reviewed Plaintiff's Experian credit report six times), s*ee id.* at ¶ 51. These allegations do not establish that Wells Fargo is a furnisher of information about Plaintiff to consumer reporting agencies. Indeed, the Opposition concedes this by now arguing that Wells Fargo is a "user" of credit information.

Second, the Opposition asserts Plaintiff "triggered a private right of action under § 1681s-2(b)" against Wells Fargo when she indirectly disputed her credit report with the CRAs. (Opposition, 5:6-13.) But the FAC does not allege that Plaintiff ever sent an indirect dispute regarding Wells Fargo to a CRA. While the Opposition cites Paragraph 51 and 52 of the FAC, neither of these paragraphs allege that Plaintiff ever submitted an indirect dispute. Rather, they allege that Plaintiff "sent an initial dispute letter to [Wells Fargo] disputing…. information on her Experian credit report." (FAC, ¶ 51.)[1] Only an "indirect dispute" – one that the furnisher receives from a consumer reporting agency rather than directly from a consumer – is privately actionable under 15 U.S.C. 1681s-2(b). *See e.g.*, *Marshall v. Swift River Academy, LLC*, 327 Fed.App'x. 13, 15 (9th Cir. 2009) ("[W]hile FCRA permits suit for violation of § 1681s–2(b) duties, [t]hese duties arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties.").

Here, Plaintiff only alleges that she submitted a dispute directly to Wells Fargo. This does not trigger any obligations under 15 U.S.C. 1681s-2(b).

/ / /

/ / /

/ / /

---

[1] Plaintiff alleges she sent a dispute to Equifax regarding "inaccurate personal information, inaccurate employment information, fraudulent credit accounts and fraudulent hard and soft inquiries," but she does not allege that this dispute had any relation to Wells Fargo (or any of the other defendants). FAC ¶ 50.

### C. The CCRAA Claim Should Be Dismissed

The Opposition also fails to save the CCRAA claim.

Plaintiff argues that she has alleged a claim for violation of Cal. Civ. Code § 1785.25(a) because Wells Fargo furnished information that it "knew or should have known… was inaccurate and/or materially misleading." (FAC, ¶¶ 5-18.) As explained in the Motion to Dismiss, this conclusory assertion ignores the fact that Plaintiff has not alleged *facts* establishing that Wells Fargo in fact furnished information to the CRAs. At most, Plaintiff alleges that Wells Fargo made credit inquiries that appeared on her Experian credit report. (Opposition, pp. 3-4 [conceding Wells Fargo is a "user" of information].) And the furnisher provisions that Plaintiff seeks to enforce do not apply to users of credit reports. *See* 12 CFR § 1022.41(c)(1); *Carvalho,* 629 F.3d at 889 (Because the CCRAA is "substantially based on the Federal Fair Credit Reporting Act ("FCRA"), judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions."); *Rara v. Experian Info. Sols., Inc.,* 2017 WL 1047020, at *10 (N.D. Cal. Mar. 20, 2017) ("In general, CCRAA "mirrors" FCRA, such that the CCRAA claim survives only to the extent that the FCRA claim survives.") (collecting cases).

Next, Plaintiff advances an argument that the CCRAA is not preempted by the FCRA, and there is a private right of action under section 1785.25(a). (Opposition, 6:18-24.) Plaintiff either does not understand the arguments in the Motion, or she is intentionally ignoring/distorting them to obfuscate the issues. In the Motion, Wells Fargo concedes that section 1785.25(a) is not preempted by FCRA. However, Plaintiff's claims are not properly brought under 1785.25(a). The FAC alleges that Plaintiff submitted a dispute with Wells Fargo to have unauthorized inquiries "remove[d] from [her] credit report…" These allegations fall squarely under sections 1795.25(b) and (f), which require furnishers to update

12
DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 5:25-CV-01694-KK-SP

CORE/3547685.3478/232601437.1

previously furnished information discovered to be inaccurate. And the FCRA completely preempts claims arising from sections 1795.25(b) and (f). Plaintiff cannot recast her claims as one under section 1795.25(a) simply to avoid preemption. That would make Sections 1785.25(b), (f), "superfluous and unnecessary." (*Wang v. Asset Acceptance, LLC,* 681 F.Supp.2d 1143, 1147-48 (N.D. Cal. 2010); Motion, Dkt. 30 at p. 15 of 19.)

Moreover, Plaintiff's bear allegations that Wells Fargo furnished information it "knew or should have known" was inaccurate is insufficient to state a claim under section 17895.25(a). (*O'Connor v. Wells Fargo, N.A.*, No. C-14-00211 DMR, 2014 WL 4802994, at *7 (N.D. Cal. Sept. 26, 2014) ("Plaintiff alleges that Wells Fargo violated [Cal. Civ. Code § 1785.25(a)] of the CCRAA. Yet the FAC contains no factual allegations in support of this claim as to Wells Fargo. Instead, Plaintiff simply recites the statutory language of Section 1785.25(a)…. The claim is thus patently insufficient, as it is devoid of facts regarding Wells Fargo's conduct, including what information it furnished, to whom, when, and how it was inaccurate.").)

For these reasons, discussed more thoroughly in the Motion, the Court should dismiss Plaintiff's CCRAA claim with prejudice.

### D. The Opposition Fails to Save the CITA Claim

Plaintiff argues that because she is a victim of identity theft and Wells Fargo "funish[ed]" inaccurate information, that alone constitutes a violation of CITA. (Opposition, 7:4-15.) Not so.

Like the other arguments in the Opposition, this ignores the deficiencies in Plaintiff's claims as described in the Motion. personal identifying information ***to obtain credit, goods, services, money, or property***." (Cal. Civ. Code § 1798.92(b) (emphasis added).) Similarly, a victim of identity theft means "a person who had his or her personal identifying information used without authorization by another ***to obtain credit, goods, services, money, or property***, **<u>and</u> did not use or possess the**

13
DEFENDANT WELLS FARGO BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT
CASE NO. 5:25-CV-01694-KK-SP

CORE/3547685.3478/232601437.1

*credit, goods, services, money, or property obtained by the identity theft*... ." (Cal. Civ. Code § 1798.92(d) (emphasis added).) Plaintiff's allegations simply do not establish that she falls under either of these definitions. She does not allege that anyone obtained any "credit, goods, services, money, or property" from Wells Fargo using Plaintiff's identity. (*See* FAC.) Instead, she alleges Wells Fargo made improper "hard credit inquiries." The Opposition entirely ignores this.

## III.  CONCLUSION

For the foregoing reasons the Court should grant Wells Fargo's motion to dismiss Plaintiff's entire FAC with prejudice as against Wells Fargo.

DATED:  October 16, 2025        STINSON LLP

By: ____*/s/ Megan N. Aldworth*____
MEGAN N. ALDWORTH

Attorneys for Defendant WELLS FARGO BANK, N.A. (erroneously sued as Wells Fargo Card Services, Inc.)